

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable T. M. Trimble, First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. O-7266
Re: Can a school be deprived of
the benefits of the Rural
Aid Fund and the children
made to suffer because a
superintendent refused to
submit a rural aid appli-
cation until after December
1? And a related question.

This acknowledges receipt of your letter of June 4,
1946, in which you propound the following questions:

"1. Can a school be deprived of the benefits
of the Rural Aid Fund and the children made to
suffer because a superintendent maliciously re-
fused to submit a rural aid application until af-
ter December 1?

"2. Is Opinion No. O-185, referred to above,
which was written in 1939, applicable to the present
Rural Aid Law?"

We answer your first question in the affirmative for
the reason that the trustees of the districts involved are
primarily and principally responsible for sending the required
application for State aid to the State Superintendent of Public
Instruction. Section 1, Article II, Senate Bill 167, Acts of
the 49th Legislature. Hence, the fact that a superintendent
is derelict in sending the application to the proper official
does not shift this duty from the trustees.

Section 2, Article II, of the Rural Aid Law reads
as follows:

"Sec. 2. Filing Date. All applications for
any type of aid authorized herein, except tuition

aid, shall be on file with the State Department of Education and a copy on file with the Legislative Accountant in Austin not later than October 1st of each scholastic year for which aid is asked. The grant of salary for superintendent and/or principal of any school whose application is filed later than October 1st of each year shall be reduced to the extent of one month's salary, and no application shall be considered for any type of aid filed after December 1st."

It is evident from a reading of this section that the actual making out of the application is left to the superintendent, since he may be docked one month's salary in the event the application is not filed within the required time. However, this section merely fixes a penalty against the superintendent and it does not make him responsible for the actual filing of the application which is placed squarely on the trustees by Section 1 of the Act.

In answer to your second question, our former Opinion No. O-185 has been expressly overruled on the point in question by our more recent Opinion No. O-5423, a copy of which is enclosed. The latter opinion interprets the 1943-1945 Rural Aid Law, the provisions being almost identical with the present law, and holds the filing date mandatory rather than directory. We believe the latter opinion to be based on sounder judicial precepts and re-affirm its holding as to the point involved herein.

Trusting the above fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By: (signed)  Woodrow Edwards
                     Assistant

WE:bt:rt
APPROVED AUGUST 2, 1946
(signed) Carlos C. Ashley
First Assistant
Attorney General

Approved: Opinion Committee
By: G.W.B., Chairman